UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER PASATIERI<br><br>                            Plaintiff,<br><br>    - against -<br><br>G-UNIT RECORDS, INC. and CURTIS JACKSON<br><br>                            Defendant. | Docket No. 1:17-cv-7487<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Pasatieri ("Pasatieri" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants G-Unit Records, Inc. ("G-Unit") and Curtis Jackson ("50 Cent" and together with G-Unit "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendants unauthorized reproduction and public display of two copyrighted photographs of American rapper 50 Cent, owned and registered by Pasatieri, a New York based professional photographer. Accordingly, Pasatieri seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants reside and transacts business in New York.

4. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Pasatieri is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 3310 Nostrand Avenue, Brooklyn, New York 11229.

6. Upon information and belief, G-Unit is a domestic business corporation duly organized and existing under the laws of the State of the New York, with a place of business at 264 West 40th Street, New York, New York 10018. At all times material hereto, G-Unit has operated the 50 Cent Instagram account ( the "Instagram Post").

7. Upon information and belief, 50 Cent is American rapper with a place of business at 264 West 40th Street, New York, New York 10018. At all times material hereto, 50 Cent has operated the 50 Cent Instagram account (the "Instagram Post").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

8. Pasatieri photographed American rapper 50 Cent (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

9. Pasatieri is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-026-287.

### B. Defendant's Infringing Activities

11. Upon information and belief, Defendants copied the Photographs and placed it on two Instagram Posts. A true and correct copy of the Instagram Posts are attached hereto as Exhibit B.

12. One Instagram Post received 50,848 likes and the other Instagram Post received 43,999 likes.

13. Defendants did not license the Photographs from Plaintiff, nor did Defendants have Plaintiff's permission or consent to publish the Photographs on its Instagram Post.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)
## (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Defendants infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the the Photographs on Instagram. Defendants is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS
## (17 U.S.C. § 1202)

19.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20.     When the Photographs were published it contained copyright management information under 17 U.S.C. § 1202(b).

21.     Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

22.     The conduct of Defendants violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Defendants' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

25. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 30, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Christopher Pasatieri*